In the Matter of GEORGE H. MORRISON et al., Appellants, and JOSEPH MIRRO et al., on Behalf of Themselves and All Others Similarly Situated, Intervenors-Appellants, *v.* SOLOMON HOBERMAN, as Acting Personnel Director of the City of New York, et al., Respondents, and THOMAS A. MAGUIRE, as President of Local Unions 15, 15A, 15B, 15C, 15D, International Union of Operating Engineers, AFL-CIO, Intervenor-Respondent.

First Department, March 11, 1969.

*Morris Weissberg* for appellants.

*Joan Stern Kiok* of counsel (*Julius Topol,* attorney), for intervenors-appellants.

*Eric J. Byrne* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for Solomon Hoberman and others, respondents.

*Robert D. Brady* of counsel (*Corcoran & Brady,* attorneys), for intervenor-respondent.

Stevens, P. J. This is an appeal by petitioners and intervenors-petitioners from a judgment entered August 19, 1968, dismissing petitions in which appellants sought reclassification from the title of Oiler to the title of Oiler (Portable) or, additionally, as to intervenors-petitioners a judgment that an amendment of March 10, 1964 be rescinded.

Petitioners are Oilers employed by the City of New York in its Department of Public Works in sewerage treatment plants. Intervenors-petitioners are Oilers employed in various divisions of the Department of Public Works, and some are employed in the Department of Water Supply, Gas and Electricity and in the Department of Hospitals.

Until March, 1964 there was only one classification of " Oiler " in the competitive class of the Classified Civil Service of the City of New York. Under direct supervision they were " responsible for the lubrication of power plant, pumping and/or construction equipment ", and were to perform " related work." March 10, 1964, by resolution of the Civil Service Commission, the classification of " Oiler " was amended to include Oiler (Portable) and Oiler (Stationary). Certain others not included in either category remained as " Oilers ", but the resolution declared that persons then employed as Oilers would be eligible for reclassification without further examination.

On or about the same date the Department of Personnel issued classification specifications for Oiler (Portable) in connection with portable equipment and Oiler (Stationary) in connection with stationary equipment. It is asserted that only Oilers in the Department of Sanitation were reclassified as Oiler (Portable). This allegation is denied only to the extent that respondents deny knowledge or information sufficient to form a belief.

The title of Oiler (Portable) carries with it a higher hourly wage rate than that of other Oilers and has a different direct line of promotions. Following upon the reclassification in 1965 of Oilers in the Sanitation Department to the new title of Oiler (Portable), petitioners demanded that they be similarly reclassified to such title. The demand was refused and this proceeding

resulted. Petitioners' title is that of Oiler, but their allocation of position is Oiler (Stationary).

On an earlier appeal to this court from a judgment dismissing the petition, we reversed and remitted the matter to Special Term "for a trial on the issue of whether there is a rational basis upon which respondents could refuse to reclassify petitioners to the title of Oiler (Portable) and on the issue of whether the duties performed by both Oiler (Portable) and Oiler (Stationary) are similar or substantially different" (28 A D 2d 978).

Following upon a trial the court found there was a rational basis upon which respondents could refuse to reclassify petitioners to the title of Oiler (Portable). The court found also that Oilers (Portable) are engaged in different and more hazardous employment than Oilers (Stationary), and dismissed the petition with costs.

On this appeal petitioners urge that the duties performed by employees in the title of Oiler (Portable) and Oiler (Stationary) are similar, that there is no rational basis for respondents' refusal to reclassify petitioners, and that the conclusion of a greater hazard for Oilers who work at construction sites as a basis for sustaining such refusal is unwarranted.

Respondents urge that the workers at landfill projects and incinerators of the Department of Sanitation are comparable to Oilers in private construction and allied industries and they were properly reclassified to the title of Oiler (Portable). There was testimony that only five Oilers are assigned to landfill projects operated by the Department of Sanitation. Respondents assert petitioners work on stationary equipment and there is a rational distinction between the positions.

At the hearing it was brought out that there is a distinction, in private industry, between Oilers (Portable) and Oilers (Stationary), and one reason Oilers (Portable) receive higher pay is because the work is outside and seasonal. Testimony established that the city employees, Oilers (Portable), are permanent. No justification appears for the wage differential on the theory of seasonal employment.

Testimony by various employees of respondents, called as witnesses by petitioners, is persuasive that the duties, qualifications, and even the tools used by city Oilers in whatever category, portable or stationary, are basically the same. It is clear that one of the primary reasons why this differential was set up was because in private industry there is such a distinction which exists by reason of the employers' business, the seasonal nature

of such employment and other factors not present here. The Director of Examinations of the Department of Personnel testified in substance that the only reason the wage differential was established was because outside (i.e., private industry) rates are based upon whether the employees are working in the construction industry or in a stationary plant. Apparently the title carries the money. Much equipment of the same kind is worked upon by city Oilers whatever the category, only the location where the work is performed is different.

The evidence supports a conclusion that petitioners had the same qualifications and performed essentially the same duties as Oilers in the Department of Sanitation. At most there might be a measure of greater mobility as to certain operations, but not in the nature of the work performed. Over the years and now, as one witness succinctly stated, '' an Oiler is an Oiler '' without distinction. Merely establishing a title and moving individuals into positions to fill such a title in order to establish a differential in pay is not enough. It should be shown that there is a substantial difference in the work performed and that the reclassification accords with realities (cf. *Matter of Mandle* v. *Brown,* 4 A D 2d 283, affd. 5 N Y 2d 51). On the record there is no rational basis for the distinction made by respondents. Even assuming, and we do not so find or conclude, that there is a greater hazard involved in the work done by Oilers (Portable), that is not the basis upon which the classification was made. The finding that there is a rational basis for the distinction made is rejected, and a new finding made that no rational basis is shown for the refusal to reclassify petitioners or to support the reclassification made which resulted in the inequity of which petitioners complain.

A possible question posed to which we have not addressed ourselves, and upon which we do not predicate any part of our determination, is whether there was a creation of new positions and a promotion in this competitive class without examination.

The judgment appealed from should be reversed on the law, with costs, the judgment vacated, and petitioners granted the relief demanded in the petition. Findings of fact inconsistent with this determination are hereby reversed and vacated and new findings made consistent herewith.

Nunez, J. (dissenting). After trial the court below found: (1) that Oilers working on landfill and construction job sites are engaged in a more hazardous employment than Oilers working on inside stationary equipment; (2) that the Civil Service Commission had a rational basis for refusing to classify the petitioners to the title of Oiler (Portable); (3) that there was

no illegality, arbitrariness or abuse of discretion by the commission in creating the classification of Oiler (Portable) and Oiler (Stationary) and (4) that there is a rational basis upon which the commission can refuse to reclassify petitioners to the title of Oiler (Portable). Review of the action of the commission is limited to whether its determination is in accordance with law or arbitrary or capricious. "All that is required is that the agency's determinations have a rational basis in the 'record' before it and that its determinations not be arbitrary or capricious". (*Matter of Colton* v. *Berman,* 21 N Y 2d 322, 334. See, also, CPLR 7803, subd. 3; *Matter of Fink* v. *Cole,* 1 N Y 2d 48, 52, 53; *Matter of Going* v. *Kennedy,* 5 A D 2d 173, 176, affd. 5 N Y 2d 900; *Matter of Chung Tiam Fook* v. *Herman,* 212 N. Y. S. 2d 939, 941; 1 N. Y. Jur., Administrative Law, § 178, pp. 594, 595.) In my opinion the record supports the trial court's findings.

The judgment appealed from should be affirmed.

EAGER and CAPOZZOLI, JJ., concur with STEVENS, P. J.; NUNEZ, J., dissents in opinion in which McGIVERN, J., concurs.

Judgment reversed on the law, with $50 costs and disbursements to appellants, the judgment vacated, and petitioners granted the relief demanded in the petition. Findings of fact inconsistent with this determination are hereby reversed and vacated and new findings made consistent herewith. Settle order on notice.